**In re Petition for DISCIPLINARY ACTION AGAINST Steven Paul LUNDEEN, a Minnesota Attorney, Registration No. 273776.**

No. A11–0896.

Supreme Court of Minnesota.

Dec. 1, 2011.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed with this court on May 16, 2011, a petition for disciplinary action against respondent Steven Paul Lundeen. The Director filed two supplementary petitions for disciplin-ary action, the first on May 31, 2011, and the second on November 3, 2011, alleging additional professional misconduct by respondent. Taken together, the disciplinary petitions allege that respondent misappropriated the funds of one client and engaged in a pattern of client abandonment and conversion of client funds by taking funds from six clients but not doing any legal work for them, making false statements to these clients about the work he had done, and refusing to return their advance fees and costs. The petitions also allege that respondent engaged in the unauthorized practice of law by attempting to make several court appearances after respondent's license was suspended in 2011 for failure to pay his attorney-registration fee. In addition, the allegations of misconduct include that respondent was convicted of fifth-degree drug possession, that he failed to appear for trial and made false statements to the court during his criminal proceeding, and that he failed to cooperate with the Director in the investigation of these matters.

Respondent did not file an answer to the initial petition for disciplinary action or to either of the supplementary petitions for disciplinary action. In a June 30, 2011 order, this court deemed admitted the allegations in the initial petition and the first supplementary petition for disciplinary action. *See* Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). By his failure to file an answer to the second supplementary petition for disciplinary action, the allegations in that petition are deemed admitted as well. *Id.*

On November 9, 2011, the Director served on respondent a petition for the temporary suspension from the practice of law under Rule 16(a), RLPR, contending that the continuation of respondent's au-

thority to practice law poses a substantial threat of serious harm to the public. The petition for temporary suspension incorporates the allegations of misconduct from the prior petitions for disciplinary action. It also alleges that respondent continues to accept advance fees and costs from clients but not complete the legal work for which he was retained or make himself available for communications with clients, that respondent no longer maintains an office at the address reflected in the lawyer registration records and court files, and that respondent has yet to undergo the chemical dependency evaluation and treatment required by his criminal probation.

Respondent has not filed an answer to the petition for temporary suspension within 20 days of service. Therefore, the allegations in the petition for temporary suspension are deemed admitted, and "this Court may enter an order suspending the lawyer pending final determination of the disciplinary proceedings." Rule 16(c), RLPR. We have independently reviewed the file and concluded that temporary suspension from the practice of law is warranted under Rule 16, RLPR.

Based upon the records, files, and proceedings herein,

IT IS HEREBY ORDERED that respondent Steven Paul Lundeen is temporarily suspended from the practice of law pending final determination of these disciplinary proceedings. Respondent shall comply with the requirements of Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

BY THE COURT:

/s/Alan C. Page
Associate Justice